## CIRCUIT COURT OF THE CITY OF RICHMOND

Michael Coleman

v.

Tony F. Henshaw,
Atlantic States Materials Corp.,
and Ellis O. Robinson

June 1, 1995

Case No. LX-2120-3

BY JUDGE T. J. MARKOW

This matter comes on the defendants' motions objecting to venue and on evidence heard in support of, and in opposition to, the motions.

The issue is whether the defendant, Atlantic States Materials Corporation, regularly conducts business or affairs in the City of Richmond so as to confer venue on this court under Va. Code Ann. § 8.01-262(3), which states "wherein the defendant regularly conducts affairs or business activity."

The time deemed relevant for the court's analysis is that time just before the filing of this motion for judgment and includes January through August, 1994, and includes the predecessor entity, Culpeper Stone, Inc.'s, activities.

Atlantic operates stone quarries and ready-mix concrete plants in Culpeper, Virginia, and in Louisa, Virginia. No product is sold in the City of Richmond. The only connection with the City of Richmond is the purchase of parts for equipment from suppliers located here. These purchases amount to less than 1% of the approximately $10 million purchases made annually by Atlantic.

Most of the Richmond purchases are the result of telephone orders or orders taken at Atlantic's operations in Culpeper and Louisa. In emergency situations when parts are needed and there is insufficient time to await delivery from Richmond, Atlantic sends its personnel to Richmond to pick

up the item. Such pickups are done only on an as-necessary basis and occur several times yearly. The court gives no consideration to supplies purchased in the City of Richmond without the presence of an Atlantic employee coming to the City of Richmond.

As stated, all personnel contacts with the City of Richmond are made on an as-needed basis. The court is of the opinion that such contacts, together with some degree of annual frequency, constitute the "regularity" anticipated by the legislature to confer venue on a jurisdiction. There is permissible venue in this jurisdiction.

No evidence was presented to permit the court to find good cause for transfer under Va. Code Ann. § 8.01-265.

It is, therefore, ordered that the motions objecting to venue are overruled. The objections of the defendants are noted.